**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

**SELENA E. MOLINA**
**MAGISTRATE IN CHANCERY**

**LEONARD L. WILLIAMS JUSTICE CENTER**
**500 NORTH KING STREET, SUITE 11400**
**WILMINGTON, DE 19801-3734**

Final Report: January 29, 2024
Date Submitted: October 23, 2023

Jason C. Powell, Esquire
Thomas J. Reichert, Esquire
The Powell Firm, LLC
1813 North Franklin Street
Wilmington, DE 19802

Aaron E. Moore, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1007 North Orange Street, Suite 600
Wilmington, DE 19899

Joseph H. Huston, Jr., Esquire
Stacy A. Scrivani, Esquire
Stevens & Lee, P.C.
919 North Market Street, Suite 1300
Wilmington, DE 19801

Re:    *Dan Nestor v. Karen Poore, Ellen Donahue, and Creative Planning,*
       *LLC*, C.A. No. 2022-0066-SEM

Dear Counsel:

This report addresses the entity defendants' motions to dismiss for failure to

state a claim. For the reasons that follow, I find the plaintiff failed to provide

adequate notice of, or plead sufficient factual predicate to support, the claims against

the entity defendants. The entity defendants should, thus, be dismissed from this

action.

## I.    BACKGROUND

This decision follows my May 31, 2023 final report (the "First Report"), which provides the background, and definitions, on which I rely.[1]

In the First Report, in pertinent part, I stayed my ruling on the arbitration arguments pending further inquiry and briefing and declined to address the arguments for dismissal under Court of Chancery Rule 12(b)(6) until that jurisdictional gating exercise was complete.[2]  But, after I resolved a dispute about how that exercise would proceed, the moving parties mooted the issue.[3]  On October 16, 2023, the remaining members of the CFG Defendants withdrew their argument that the Arbitration Agreement renders the Court without subject matter jurisdiction.[4]  MMLIS followed suit on October 23, 2023, advising that it withdrew its motion to compel arbitration.[5]  Thus, on October 24, 2023, I took all remaining portions of the Motions under advisement.

This is my final report.

---

[1] Docket Item ("D.I.") 46.

[2] *Id.*

[3] *See* D.I. 47, 49.

[4] D.I. 50.

[5] D.I. 51.

## II.    ANALYSIS

CFG and MMLIS (the "Entity Defendants") seek dismissal of all claims against them for failure to state a claim under Court of Chancery Rule 12(b)(6). The standard of review under Court of Chancery Rule 12(b)(6) is settled:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [(iv)] dismissal is inappropriate unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[6]

Applying this standard, I find the Complaint fails to provide notice to the Entity Defendants of the claims against them and fails to support a reasonably conceivable theory of *respondeat superior* liability.

Initially, Nestor's practice of group pleading makes it difficult to discern which of Nestor's eight (8) counts are pled against the Entity Defendants. "Although group pleading is not prohibited under Delaware law, it is generally disfavored."[7] Such disfavor supports dismissal when the group pleading leaves the defendants unable to discern the claims pled against them.[8]

---

[6] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (citations omitted).

[7] *In re Swervepay Acq., LLC*, 2022 WL 3701723, at \*9 (Del. Ch. Aug. 26, 2022) (cleaned up).

[8] *Id.* at \*10 (finding group pleading failed to support imputing conduct of one defendant to others).

Here, Nestor's group pleading injects ambiguity into the Complaint. For example, the Complaint defines "Defendants" as the Entity Defendants plus the individual defendants, Poore and Donahue. Then, in Nestor's first count, Nestor pleads that "Defendants" owed fiduciary duties to him and breached them. Yet Nestor concludes his first count with a specific reference to the Entity Defendants, averring the Entity Defendants should be liable as employers. Other counts continue this group pleading, alleging misconduct by "Defendants," collectively, while purporting to incorporate by reference the earlier employer-liability language. Reviewing the Complaint as a whole, I find Nestor's use of group pleading fails to provide the Entity Defendants sufficient notice of the claims purportedly pled against them.

Additionally, and insufficient notice aside, Nestor fails to plead sufficient factual predicate supporting the Entity Defendants' purported liability. Nestor seeks to hold the Entity Defendants liable under the theory of *respondeat superior*. Thereunder, an "employer is subject to liability for torts committed by employees while acting within the scope of their employment."[9] An employee acts within the scope of their employment if "(1) it is of the kind he is employed to perform; (2) it

---

[9] *Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 724 (Del. 2019) (quoting Restatement (Third) of Agency § 2.04; citing Restatement (Second) of Agency § 219 (1958)).

occurs within the authorized time and space limits; (3) it is activated, in part at least, by a purpose to serve the master; and (4) if force is used, the use of force is not unexpectable by the master."[10] Thus, to state a claim for the Entity Defendants' liability Nestor needed to plead factual predicate making it reasonably conceivable that the challenged actions of Poore and Donahue were within the scope of their employment with the Entity Defendants. Nestor failed to do so.

The Complaint provides that Poore and Donahue "are business partners working together within [the Entity Defendants] to provide services to clients in a variety of areas including offering financial services of [MMLIS]."[11] And, Nestor's "information was obtained and utilized by [Poore and Donahue] as part of their relationship with [MMLIS] and in reliance on the expertise that is provided by their employment with [MMLIS]."[12] Further, "while in their employment with [the Entity Defendants], [Poore and Donhue] attempted to blackmail [Nestor], threatening to distribute incriminating/sensitive photographs and/or videos of [Nestor] if he takes any action to protect his rights."[13] Finally, Nestor pleads that

---

[10] *Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200 (Del. 2015) (quoting Restatement (Second) of Agency §228)).

[11] D.I. 22 ¶ 10.

[12] *Id.*

[13] *Id.* ¶ 13.

Poore and Donahue "as part of their employment with [the Entity Defendants] agreed to, and did in fact, act as Plaintiff's financial advisor from 1998 and rendered services on Plaintiff's behalf. [MMLIS] or its predecessors in interest were an active participant in the services rendered during this time period."[14]

These averments fail to support a reasonably conceivable claim that the alleged bad acts by Poore and Donahue were within the scope of their employment with the Entity Defendants. At most, Nestor pleads merely that Poore and Donahue were employed by the Entity Defendants and their challenged conduct happened while so employed. Nestor's conclusory allegations that conduct was "within the scope of" such employment are unsupported and insufficient to withstand the Motions. With an unsupported theory of liability and lack of sufficient notice from disfavored group pleading, Nestor's claims against the Entity Defendants should not survive the pleadings and the Entity Defendants should be dismissed from this action.

III.    CONCLUSION

For the above reasons, I find that the remaining portions of the Motions should be granted. The claims against the Entity Defendants should be dismissed, leaving

---

[14] *Id.* ¶ 44.

Donahue as the sole remaining defendant. This is my final report and exceptions may be filed under Court of Chancery Rule 144. The stay of exceptions to the First Report is hereby lifted.

Respectfully submitted,

/s/ *Selena E. Molina*

Magistrate in Chancery